UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSE A. PRADO,<br><br>   Plaintiff,<br><br>v.<br><br>FEDERAL EXPRESS CORPORATION,<br><br>   Defendant. | Case No. 5:12-cv-03945-PSG<br><br>**ORDER GRANTING FEDERAL EXPRESS' MOTION TO COMPEL**<br><br>**(Re: Docket No. 50)** |

Before the court in this employment suit is Defendant Federal Express Corporation's motion to compel.[1] Plaintiff Jose A. Prado opposes. Earlier today, the parties appeared for a hearing. After considering the arguments, the court GRANTS FedEx's motion, as set out below.

FedEx's motion seeks five forms of relief:

1. supplemental responses to Document Request Nos. 1, 3-47, 49-60, 65-67, 69-71 identifying whether documents are in fact being produced to each specific category;

2. the withdrawal of boilerplate objections asserted to Document Request Nos. 1 - 65;

3. production of all responsive documents by organizing and labeling them to correspond to each category to which they respond;

4. production of documents responsive to FedEx Document Request Nos. 2 and 48; and

5. reopening of Prado's deposition, after the discovery cut-off date, for additional questioning regarding the belated production.

---

[1] *See* Docket No. 50.

1

Case No. 5:12-cv-03945-PSG
ORDER GRANTING FEDERAL EXPRESS' MOTION TO COMPEL

A review of the discovery efforts to date demonstrates that FedEx's requested relief is warranted.

First, Fed. R. Civ. P. 34(b)(2)(B) requires for "each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Prado's "if any" responses violate Rule 34 because they do not state whether any documents have been produced. Plaintiff therefore shall provide supplemental responses to Document Request Nos. 1, 3-47, 49-60, 65-67 and 69-71 indicating whether any documents have been or will be produced responsive to each category. Prado also shall identify what documents are withheld on the basis of any objection.

Second, Fed. R. Civ. P. 34(b)(2)(E)(i) requires a party to "produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories" in the request. Because Prado does not have a business, he must organize and label the production to correspond with each specific category in FedEx's Document Requests.

Third, because Prado's post-secondary educational records are relevant to the issues in dispute – including mitigation – and Prado marshals no adequate basis to withhold production, those records shall be produced to the extent they are in his possession, custody or control. Prado's right to privacy must yield because he put his educational background into dispute by filing this employment suit. Prado cites no case law that "moots" production of relevant documents because the same issues were explored during a deposition. Records responsive to Document Request No. 2 shall be produced. Similarly, Prado also shall produce documents in his possession, custody or control responsive to Document Request No. 48 regarding Prado's national origin: one claim in Prado's suit is predicated on national origin discrimination. Prado need not, however, produce any documents detailing his immigration status.

Fourth, in light of the delinquent production in this case, some additional deposition testimony is warranted. FedEx may re-open Prado's deposition for two additional hours.

1  Any responsive production shall be produced within fourteen days.  Prado shall be deposed
2  no more than twenty-eight days from today.
3  **IT IS SO ORDERED.**
4  Dated: July 29, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge