UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSE A. PRADO,<br><br>             Plaintiff,<br><br>v.<br><br>FEDERAL EXPRESS CORPORATION,<br><br>             Defendant. | Case No. 5:12-cv-03945-PSG<br><br>**OMNIBUS ORDER RE:<br>MOTIONS IN LIMINE**<br><br>**(Re: Docket Nos. 89, 91, 93, 98 and 100)** |

Before the court are Plaintiff Jose Prado's and Defendant Federal Express Corporation's ("FedEx") motions in limine.[1] Today, the parties appeared at the pre-trial conference and supplemented their briefing with oral argument. As previewed at the hearing, the court GRANTS the requested relief, but only IN-PART, as explained below.

**A.**  **Docket No. 89: FedEx's Motion to Exclude Evidence of Alleged Discriminatory Comments**

FedEx moves to exclude disparaging comments that FedEx managers and coworkers allegedly made about Prado's disability.[2] FedEx argues that the alleged statements are time-barred

---

[1] *See* Docket Nos. 89, 91, 93, 98 and 100.

[2] *See* Docket No. 89 at 3 (November 2005 statement by manager Kathy Doyle to manager Ryan Grace that Prado was "pretending to be disabled"; March 2007 statement in a meeting by manager Angela Suazo that "We have been trying to fire [Prado] but it's been hard to get rid of him."; and

1
Case No. 5:12-cv-03945-PSG
OMNIBUS ORDER RE: MOTIONS IN LIMINE

because they were not specifically included in Prado's January 13, 2009 EEOC complaint, nor in his subsequent May 20, 2010 EEOC complaint, and because the complaints were not filed within one year of the statements themselves.

The discriminatory remarks are—at the very least—fact evidence as to animus and must be permitted on that basis alone.

> The existence of past acts and the employee's prior knowledge of their occurrence . . does not bar employees from filing charges about related discrete acts so long as acts are independently discriminatory and charges addressing those acts are themselves timely filed. Nor does the statute bar an employee from using the prior acts as background evidence in support of a timely claim.[3]

In addition, where a plaintiff "seeks judicial relief for incidents not listed in his original [agency] charge," a court has jurisdiction over those claims only where they are "like or reasonably related to the allegations."[4]  Contrary to FedEx's contentions, discriminatory remarks about Prado's disability made by managers and coworkers are reasonably related to his allegations of disability discrimination and retaliation. FedEx's motion to exclude is DENIED.

**B.    Docket No. 91: FedEx's Motion to Exclude All Evidence Because Plaintiff's Claims Are Time-Barred**

FedEx moves to exclude all evidence because it contends that Prado's claims are all time-barred.[5] FedEx points to the language in Prado's employment agreement which shortens the statute of limitations period for bringing a claim against FedEx to six months:

> To the extent the law allows any employee to bring legal action against Federal Express Corporation, I agree to bring that complaint within the time prescribed by law, or 6 months from the date of the event forming the basis for my lawsuit, whichever expires first.[6]

---

April 2008 comment by courier Delfin Hernandez that Prado's disabilities "did not exist" and that Prado is not disabled but is "normal.").

[3] *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).

[4] *Brown v. Puget Sound Elec Apprenticeship & Training Trust*, 732 F.2d 726, 729 (9th Cir. 1984).

[5] *See* Docket No. 91.

[6] Employment Agreement at ¶ 15.

2
Case No. 5:12-cv-03945-PSG
OMNIBUS ORDER RE: MOTIONS IN LIMINE

Even if a contract that shortens the statute of limitations on FEHA claims to six months is enforceable,[7] the court is not convinced that the provision here requires the filing of a civil lawsuit in six months. Prado complied with the requirement set forth in the employment agreement by filing administrative complaints with the EEOC, both of which were filed within the six-month requirement of the contract provision. Prado's civil lawsuit therefore was not time-barred in its own right. FedEx's motion to exclude is DENIED.

C.    **Docket No. 93: FedEx's Motion to Exclude Evidence of Alleged Reduction in Hours**

FedEx moves to exclude evidence of alleged reduction in Prado's hours.[8] For the reasons discussed as to Docket No. 89, this court similarly finds that evidence of reduction in hours is reasonably related to Prado's claims of disability discrimination and retaliation. FedEx's motion to exclude is DENIED.

D.    **Docket No. 98: Prado's Motion to Exclude Irrelevant and Prejudicial Evidence**

Prado moves to exclude evidence of alcohol use, DUIs, and smoking as irrelevant and prejudicial.[9] FedEx does not object to the exclusion of Prado's DUI history as irrelevant, and the court GRANTS the motion to exclude as to Prado's DUI history on that basis.

As to Prado's history of alcohol use and smoking, this history is at issue in light of his allegation that his second stroke was caused by FedEx's failure to accommodate. FedEx may reasonably argue this history calls into question Prado's claim as to what caused the second stroke. The motion therefore is DENIED as to this history. In order to avoid any unfair prejudice, the alcohol use and smoking history must only be referenced as to its medical effects on Prado and not for any other purpose.

---

[7] *See Soltani v. Western & Southern Life Ins. Co.*, 258 F.3d 1038, 1043-44 (9th Cir. 2001), *but see Ellis v. U.S. Security Assoc.*, 224 Cal. App. 4th 1213, 1217 (2014).

[8] *See* Docket No. 93.

[9] *See* Docket No. 98.

3
Case No. 5:12-cv-03945-PSG
OMNIBUS ORDER RE: MOTIONS IN LIMINE

### E.  Docket No. 100: Prado's Motion to Exclude Evidence Not Disclosed in Discovery and for an Adverse Inference Instruction

Prado moves to exclude witnesses not properly identified in the supplemental disclosures and for an adverse inference instruction as to documents to which he believes he was entitled but did not receive.[10] FedEx represents that since the filing of Prado's motion, FedEx has provided sufficient information, rendering the witness disclosure issue moot.  Based on this representation and Prado's unclean hands in failing to provide contact information for his own witnesses, the court DENIES the motion to exclude as to witness disclosures.

As to Prado's request for adverse inference instructions, the court is convinced that FedEx did not improperly withhold information related to the internal investigation of Prado's claim. Because FedEx has produced investigative materials since the filing of this motion and in advance of the corresponding 30(b)(6) deposition, this court is satisfied that FedEx made a good-faith effort to designate privileged information appropriately and to produce the required responsive documents.  Prado's motion for an adverse inference instruction is DENIED.

### F.  Additional Disputes from Pre-Trial Conference

The court also provides the following guidance on other objections and issues flagged at the pre-trial conference:

- If either party wishes to depose any witness not previously deposed who is on the other party's witness list, it may take such a deposition.  The deposition shall not last longer than one hour.

- Photographic and video evidence produced after the close of fact discovery will not be admitted at trial.

- Prado must make Dr. Adelberg available for deposition by FedEx as soon as possible.  If Adelberg is not deposed by FedEx, he will not be permitted to testify at trial.

- The trial schedule will proceed as follows: each party will have 14 hours for all direct and cross examinations; each party will have one hour for opening statements; and each party will have one hour for closing arguments.

---

[10] *See* Docket No. 100.

4

Case No. 5:12-cv-03945-PSG
OMNIBUS ORDER RE: MOTIONS IN LIMINE

**IT IS SO ORDERED.**

Dated: September 12, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge