UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| JOSE A. PRADO, | ) | Case No. 5:12-cv-03945-PSG |
| Plaintiff, | ) ) | **[PROPOSED] FINAL JURY** |
| v. | ) ) | **INSTRUCTIONS** |
| FEDERAL EXPRESS CORPORATION, | ) ) | |
| Defendant. | ) ) | |
| | ) | |

# 1. DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Case No. 5:12-cv-03945-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

## 2. COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through Mr. Rivera, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

Case No. 5:12-cv-03945-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

1

## 3. RETURN OF VERDICT

2

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

## 4. BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

United States District Court
For the Northern District of California

## 5. LIABILITY OF CORPORATIONS—SCOPE OF AUTHORITY NOT IN ISSUE

Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors and officers performed within the scope of authority.

Case No. 5:12-cv-03945-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

**6. EMPLOYMENT ACTIONS—WHERE EVIDENCE SUPPORTS "MOTIVATING FACTOR"**

Plaintiff Jose Prado has brought a claim of employment discrimination against Defendant Federal Express Corporation based on a federal law known as the Americans with Disabilities Act, which will be referred to in these instructions as the ADA.

Under the ADA, an employer may not discriminate against an individual who has a disability when that individual is qualified to perform the essential functions of the job with or without a reasonable accommodation.

Prado claims that his disability was a motivating factor for FedEx's decision to take adverse employment action against him.  FedEx denies that Prado's disability was either the sole reason or a motivating for FedEx's decision to terminate Prado and further claims the decision to terminate Prado was based upon a lawful reason.

Case No. 5:12-cv-03945-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 7. EMPLOYMENT ACTIONS—"MOTIVATING FACTOR"—ELEMENTS AND BURDEN OF PROOF

As to Prado's claim that his disability was a motivating factor for FedEx's decision to subject Prado to an adverse employment action, Prado has the burden of proving the following elements by a preponderance of the evidence:

     1. Prado has a disability within the meaning of the ADA;

     2. Prado was a qualified individual as that term is defined later in these instructions; and

     3. Prado's disability was a motivating factor in FedEx's decision to subject Prado to the adverse employment action.

If you find that Prado has proved all of these elements, your verdict should be for Prado. If, on the other hand, Prado has failed to prove any of these elements, your verdict should be for FedEx.

8

**8. PHYSICAL OR MENTAL IMPAIRMENT**

As you have been instructed, the first element of the ADA claim that Prado must prove is that he has a recognized disability under the ADA. A "disability" under the ADA is a physical or mental impairment, a record of physical or mental impairment, or being regarded as having a physical or mental impairment that substantially limits one or more of the major life activities of such individual.

The terms disability and physical or mental impairment include (1) any physiological disorder, or condition affecting one or more of the following body systems: neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genito-urinary, hemic and lymphatic, skin and endocrine; or (2) any mental or psychological disorder such as mental retardation, organic brain syndrome, emotional or mental illnesses, and learning disabilities.

Major life activities are the normal activities of living which a non-disabled person can do with little or no difficulty, such as care for oneself, performing manual tasks, walking, sleeping, seeing, hearing, speaking, breathing, learning, engaging in sexual relations, reproducing, interacting with others, and working.

A limitation is substantial if the disabled person is unable to perform the activity or is significantly restricted in doing so.

Factors to consider in deciding whether a major life activity is substantially limited include:

    1. The nature and severity of the impairment;

    2. The duration or expected duration of the impairment; and

    3. The permanent or long-term impact of the impairment.

Case No. 5:12-cv-03945-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

**9. CORRECTED OR MITIGATED DISABILITY**

The disability must be evaluated in its corrected or mitigated state.  Even when corrected or mitigated, the disability must substantially limit a major life activity to qualify as a disability.

Methods used to correct or mitigate disabilities are not limited to artificial aids, like medications and devices.  A particular method or measure to treat or address a disability may not be sufficient, however, when the method, measure, or treatment is so rigorous, difficult, or demanding that the major life activity is still substantially limited.

### 10. WORK AS A MAJOR LIFE ACTIVITY

When the major life activity under consideration is that of working, Prado must prove by a preponderance of the evidence, that Prado was precluded from employment in a broad range of jobs.  The inability to perform a single, particular job does not itself constitute a substantial limitation in the major life activity of working.

Other factors that you should consider when determining whether Prado is substantially limited in the major life activity of working include:

> 1. The geographical area to which Prado has reasonable access, and

> 2. The number and types of jobs utilizing similar training, knowledge, skills or abilities, within the geographical area, from which Prado is also disqualified.

Case No. 5:12-cv-03945-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

**11. MANUAL TASK AS MAJOR LIFE ACTIVITY**

When the major life activity under consideration is the ability to perform manual tasks, the impairment of that ability must, either permanently or over a lengthy period, prevent or substantially restrict Prado from doing activities that are of central importance to most people's daily lives either as independent tasks or when viewed together.

Case No. 5:12-cv-03945-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

**12. QUALIFIED INDIVIDUAL**

The second element of the ADA claim that Prado must prove is that he is a qualified individual under the ADA.

The term qualified individual means an individual with a disability who, with or without a reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires.  The individual must satisfy the requisite skill, experience, education, and other job-related requirements of the employment position.

Case No. 5:12-cv-03945-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California

### 13. ABILITY TO PERFORM ESSENTIAL FUNCTIONS—FACTORS

An essential function of an employment position means the fundamental job duties of the employment position Prado holds or desires.  It does not include the marginal functions that may occur through the course of a job.

You must consider the employer's judgment as to what functions of a job are essential.  If any employer has prepared a written description before advertising or interviewing applicants for the job, this description is evidence of the essential functions of the job.

Other factors that may bear upon whether a job function is essential include, but are not limited to:

> 1. Whether the reason the position exists is to perform that function;

> 2. Whether there are a limited number of employees available among whom the performance of that job function can be distributed;

> 3. The amount of time spent performing the job function

> 4. The consequences of not requiring the individual holding the position to perform the function;

> 5. The work experience of past employees who have held the position; and

> 6. The work experience of current employees that hold similar positions.

Case No. 5:12-cv-03945-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California

### 14. REASONABLE ACCOMMODATION

To establish FedEx's duty to provide a reasonable accommodation, Prado must prove, by a preponderance of the evidence, both of the following elements:

    1. Prado requested of FedEx an accommodation due to a disability

or

    1. FedEx knew, or had reason to know that:

        (a) Prado has a disability;

        (b) Prado was experiencing workplace problems because of the disability; and

        (c) The disability prevented Prado from requesting a reasonable accommodation

    and

    2. FedEx could have made a reasonable accommodation that would have enabled Prado to perform the essential functions of the job.

Under the ADA, an accommodation by FedEx may include, but is not limited to:

    1. Making existing facilities used by employees readily accessible to and usable by individuals with disabilities;

    2. Job restructuring;

    3. Part-time or modified work schedule;

    4. Reassignment to a vacant position;

    5. Acquisition or modifications or examinations, training materials, or policies;

    6. Provision of qualified readers and interpreters; or

    7. Other similar accommodations for individuals with Prado's disabilities.

It is for you to determine whether the accommodation requested by Prado is reasonable.

A reasonable accommodation does not include changing or eliminating any essential function of employment, shifting any of the essential functions of the subject employment to others, or creating a new position for the disabled employee.

United States District Court
For the Northern District of California

**15. MEDICAL LEAVE IS A REASONABLE ACCOMMODATION UNDER THE ADA**

In considering whether FedEx unlawfully deprived Prado of a reasonable accommodation under the ADA, you must consider the following:

> 1. Permitting paid or unpaid leave is a reasonable accommodation;
>
> 2. Under the ADA, Prado is entitled to additional leave time beyond the 12 weeks permitted under the Family and Medical Leave Act;
>
> 3. An employer cannot enforce a policy that provides an inflexible maximum leave period;
>
> 4. The only basis for denying additional leave as a reasonable accommodation is through a showing that it would be an undue hardship on FedEx to provide additional leave.

If you find that Prado was not permitted additional leave following his second stroke, or that FedEx applied an inflexible maximum leave policy without considering an extension of Prado's leave as a reasonable accommodation, then you must conclude that FedEx deprived Prado of a reasonable accommodation, unless FedEx demonstrates that the additional leave would have imposed an undue hardship on FedEx.

Case No. 5:12-cv-03945-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

**16. MOTIVATING FACTOR EXPLAINED**

The third element of a claim under the ADA is that FedEx took an adverse action against Prado because of his disability.

To satisfy this element, Prado must prove by a preponderance of the evidence that the disability was a determinative factor in the decision to take that adverse action (or in FedEx's failure to make reasonable accommodation as required by the ADA). It need not have been the sole factor, but it must have been a decisive factor, meaning that but for the consideration of Prado's disability, FedEx would not have made the same employment decision.

In order for the disability to have been a determinative factor in FedEx's decision, FedEx must have known that Prado had a disability. This means that the person who made the decision to take the adverse action knew that Prado had a disability.

An employer may not terminate an employee because of a disability, but may terminate the employee because the employee is unable to do the essential functions of the job even with accommodation, even if the reason the employee cannot do his job is because of a disability.  An employer may also terminate an employee for unacceptable behavior in the workplace, even if that behavior was a result of the employee's disability.

Case No. 5:12-cv-03945-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

## 17. RETALIATION

It is unlawful for a person or entity to discriminate against any individual because that individual has opposed any act or practice that he or she reasonably believes to be unlawful under the ADA or because that individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the ADA.

Disability is not an element of a retaliation action under the ADA.

For Prado to establish retaliation in violation of the ADA, he must prove the following elements by a preponderance of evidence:

1. He engaged or was engaging in conduct protected under the ADA;

2. He was subjected to an adverse employment action at the time, or after, the protected conduct occurred;

3. There was a causal link between the protected activity and the adverse employment action; and

4. His protected activity was a motivating factor in the adverse employment action.

If you find that each of the elements on which Prado has the burden of proof has been proved, your verdict should be for Prado. If, on the other hand, Prado has failed to prove any of these elements, your verdict should be for FedEx.

Case No. 5:12-cv-03945-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California

**18. HOSTILE WORK ENVIRONMENT—HARASSMENT BECAUSE OF PROTECTED CHARACTERISTICS—ELEMENTS**

Prado seeks damages against FedEx for a hostile work environment due to disability. In order to establish a disability-based hostile work environment, Prado must prove each of the following elements by a preponderance of the evidence:

1. Prado was subjected to insults, jokes or other verbal comments or physical contact or intimidation, assignment to more rigorous work, taunting;

2. The conduct was unwelcome;

3. The conduct was sufficiently severe or pervasive to alter the conditions of Prado's employment and create an abusive or hostile work environment;

4. Prado perceived the working environment to be abusive or hostile; and

5. A reasonable disabled person in Prado's circumstances would consider the working environment to be abusive or hostile.

Whether the environment constituted a disability-based hostile work environment is determined by looking at the totality of the circumstances, including the frequency of the harassing conduct, the severity of the conduct, whether the conduct was physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interfered with an employee's work performance.

Case No. 5:12-cv-03945-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 19. HOSTILE WORK ENVIRONMENT CAUSED BY SUPERVISOR—CLAIM BASED UPON VICARIOUS LIABILITY—TANGIBLE EMPLOYMENT ACTION—AFFIRMATIVE DEFENSE

An employer may be liable when an employee's supervisor creates a hostile work environment for that employee due to his disability. A "supervisor" is someone who is empowered by the employer to take tangible employment actions regarding the employee, such as hiring, firing, failing to promote, reassigning with significantly different responsibilities, or significantly changing benefits

Prado claims that he was subjected to a disability-based hostile work environment by supervisors and that these supervisors were empowered by FedEx to take tangible employment actions against Prado.

FedEx denies Prado's claim. Prado must prove his claim by a preponderance of the evidence.

## 20. "ADVERSE EMPLOYMENT ACTION"

An action is an adverse employment action if it materially affects the terms, conditions, or privileges of employment.

United States District Court
For the Northern District of California

Case No. 5:12-cv-03945-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

## 21. "ADVERSE EMPLOYMENT ACTION" EXPLAINED

Prado must prove that he was subjected to an adverse employment action.

Adverse employment actions are not limited to ultimate actions such as termination or demotion. There is an adverse employment action if FedEx has taken an action or engaged in a course or pattern of conduct that, taken as a whole, materially and adversely affected the terms, conditions, or privileges of Prado's employment.  An adverse employment action includes conduct that is reasonably likely to impair a reasonable employee's job performance or prospects for advancement or promotion.  However, minor or trivial actions or conduct that is not reasonably likely to do more than anger or upset an employee cannot constitute an adverse employment action.

Case No. 5:12-cv-03945-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

## 22. DISABILITY DISCRIMINATION-DISPARATE TREATMENT-ESSENTIAL FACTUAL ELEMENTS

2

Prado claims that FedEx violated FEHA by wrongfully discriminating against him because

3

he had a disability.  To establish this claim, Prado must prove all of the following:

4

    1. That FedEx was an employer;

5

    2. That Prado was an employee of FedEx;

6

    3. That FedEx knew that Prado had a physical condition that limited his ability to do work;

7

    4. That Prado was able to perform the essential job duties of the handler position with

8

reasonable accommodation for his physical condition;

9

    5. That FedEx subjected Prado to an adverse employment action;

10

    6. That Prado was harmed; and

11

    7. That FedEx's conduct was a substantial factor in causing Prado's harm.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

23

**23. BUSINESS JUDGMENT**

In California, employment is presumed to be "at will."  That means that an employer may discharge an employee for no reason, or for a good, bad, mistaken, unwise, or even unfair reason, as long as its action is not for a discriminatory reason.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 24. WHEN DISABILITY DISCRIMINATION IS NOT PROHIBITED

The law does not prohibit an employer from refusing to hire or discharging an employee with a physical or mental disability where the employee, because of his or her physical or mental disability, is unable to perform his or her essential duties even with reasonable accommodation.

## 25. "REASONABLE ACCOMODATION" EXPLAINED

A reasonable accommodation is a reasonable change to the workplace that allows an employee with a disability to perform the essential duties of the job;

Reasonable accommodations may include the following:

a. Making the workplace readily accessible to and usable by employees with disabilities;

b. Changing job responsibilities but not eliminating essential job functions;

c. Reassigning the employee to a vacant position;

d. Modifying or providing equipment or devices;

e. Modifying tests or training materials;

f. Providing qualified interpreters or readers; or

g. Providing other similar accommodations for an individual with a disability.

If more than one accommodation is reasonable, an employer makes a reasonable accommodation if it selects one of those accommodations in good faith.

Case No. 5:12-cv-03945-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

### 26. "ESSENTIAL JOB DUTIES" EXPLAINED

In deciding whether a job duty is essential, you may consider, among other factors, the following:

a. Whether the reason the job exists is to perform that duty;

b. Whether there is a limited number of employees available who can perform that duty;

c. Whether the job duty is highly specialized so that the person currently holding the position was hired for his or her expertise or ability to perform the particular duty.

Evidence of whether a particular duty is essential includes, but is not limited to, the following:

a. FedEx's judgment as to which functions are essential;

b. Written job descriptions prepared before advertising or interviewing applicants for the job;

c. The amount of time spent on the job performing the duty;

d. The consequences of not requiring the person currently holding the position to perform the duty;

e. The terms of a collective bargaining agreement;

f. The work experiences of past persons holding the job;

g. The current work experience of persons holding similar jobs;

h. Reference to the importance of the job in prior performance reviews.

i. Previous accommodations made by FedEx

"Essential job duties" do not include the marginal duties of the position. "Marginal duties" are those that, if not performed would not eliminate the need for the job, or those that could be readily performed by another employee, or those that could be performed in another way.

Case No. 5:12-cv-03945-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## 27. "SUBSTANTIAL MOTIVATING REASON" EXPLAINED

A "substantial motivating reason" is a reason that actually contributed to the adverse action.  It must be more than a remote or trivial reason.  It does not have to be the only reason motivating the decision.

Case No. 5:12-cv-03945-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

### 28. REASONABLE ACCOMMODATION—FAILURE TO ENGAGE IN INTERACTIVE PROCESS

Prado contends that FedEx failed to engage in a good-faith interactive process with him to determine whether it would be possible to implement effective reasonable accommodations so that Prado could lift, push, and pull packages.  In order to establish this claim, Prado must prove the following:

1. That FedEx was an employer;

2. That Prado was an employee of FedEx;

3. That Prado had physical restrictions for lifting, pushing, and pulling packages that was known to FedEx;

4. That Prado requested that FedEx make reasonable accommodation for his physical restrictions so that he would be able to perform the essential job requirements;

5. That Prado was willing to participate in an interactive process to determine whether reasonable accommodation could be made so that he would be able to perform the essential job requirements;

6. That FedEx failed to participate in a timely good-faith interactive process with Prado to determine whether reasonable accommodation could be made;

7. That Prado was harmed; and

8. That FedEx's failure to engage in a good-faith interactive process was a substantial factor in causing Prado's harm.

Case No. 5:12-cv-03945-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California

## 29. REASONABLE ACCOMMODATION—ESSENTIAL FACTUAL ELEMENTS

Prado claims that FedEx failed to reasonably accommodate his physical restrictions.  To establish this claim, Prado must prove all of the following:

1. That FedEx was an employer;

2. That Prado was an employee of FedEx;

3. That Prado had physical restrictions that limited his ability to lift, carry, push, and pull packages;

4. That FedEx knew of Prado's physical restrictions that limited his ability to lift, carry, push, and pull packages;

5. That Prado was able to perform the essential job duties of the handler position with reasonable accommodation for his physical restrictions;

6. That FedEx failed to provide reasonable accommodation to Prado that would enable Prado to perform the essential functions of the handler job;

7. That Prado was harmed; and

8. That FedEx's failure to provide reasonable accommodation was a substantial factor in causing Prado's harm.

Case No. 5:12-cv-03945-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California

**30. HOSTILE WORK ENVIRONMENT HARASSMENT—CONDUCT DIRECTED AT PLAINTIFF—ESSENTIAL FACTUAL ELEMENTS—INDIVIDUAL DEFENDANT**

Prado claims that FedEx subjected him to harassment based on his disability and efforts to secure accommodation, causing a hostile or abusive work environment.  To establish this claim, Prado must prove all of the following:

> 1. That he was an employee of FedEx;
>
> 2. That he was subjected to unwanted harassing conduct because he was disabled and/or seeking accommodation for his disability;
>
> 3. That the harassing conduct was severe or pervasive;
>
> 4. That a reasonable person in his circumstances would have considered the work environment to be hostile or abusive;
>
> 5. That Prado considered the work environment to be hostile or abusive;
>
> 6. That FedEx participated in/assisted/ and/or encouraged the harassing conduct;
>
> 7. That Prado was harmed; and
>
> 8. That the conduct was a substantial factor in causing Prado's harm.

Case No. 5:12-cv-03945-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California

**31. "HARASSING CONDUCT" EXPLAINED**

Harassing conduct may include any of the following:

(a) Verbal harassment, such as obscene language, demeaning comments, slurs, or threats or;

(b) Physical harassment, such as unwanted touching, assault, or physical interference with normal work or movement; or

(c) Visual harassment, such as offensive posters, objects, cartoons, or drawings; or

(d) Unwanted sexual advances.

Case No. 5:12-cv-03945-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

**32. "SEVERE OR PERVASIVE" EXPLAINED**

"Severe or pervasive" means conduct that alters the conditions of employment and creates a hostile or abusive work environment.

In determining whether the conduct was severe or pervasive, you should consider all the circumstances.  You may consider any or all of the following:

(a) The nature of the conduct;

(b) How often, and over what period of time, the conduct occurred;

(c) The circumstances under which the conduct occurred;

(d) Whether the conduct was physically threatening or humiliating;

(e) The extent to which the conduct unreasonably interfered with an employee's work performance.

Case No. 5:12-cv-03945-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California

### 33. HARASSMENT—"SUPERVISOR" DEFINED

An individual was a supervisor of FedEx if he/she had the discretion and authority:

(a) To hire, transfer, promote, assign, reward, discipline, or discharge other employees or effectively to recommend any of these actions;

(b) To act on the grievances of other employees or effectively to recommend action on grievances; or

(c) To direct Prado's daily work activities.

Case No. 5:12-cv-03945-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

### 34. FAILURE TO PREVENT HARASSMENT, DISCRIMINATION, OR RETALIATION— ESSENTIAL FACTUAL ELEMENTS—EMPLOYER OR ENTITY DEFENDANT

Prado claims that FedEx failed to take all reasonable steps to prevent discrimination based on his status as a qualified individual with a disability.  To establish this claim, Prado must prove all of the following:

       1. The Prado was an employee of FedEx;

       2. That Prado was subjected to unlawful discrimination based on his status as a qualified individual with a disability in the course of employment;

       3. That FedEx failed to take all reasonable steps to prevent the unlawful discrimination;

       4. That Prado was harmed; and

       5. That FedEx's failure to take reasonable steps to prevent unlawful discrimination was a substantial factor in causing Prado's harm.

Case No. 5:12-cv-03945-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

**35. WRONGFUL EMPLOYMENT ACTION IN VIOLATION OF PUBLIC POLICY—
ESSENTIAL FACTUAL ELEMENTS**

Prado claims he was adversely affected by actions of FedEx for reasons that violate a public policy. It is a violation of public policy to discharge someone from employment because he is a qualified individual with a disability.  To establish this claim, Prado must prove all of the following:

     1. That Prado was employed by FedEx;

     2. That FedEx discharged Prado;

     3. That a substantial motivating reason for Prado's discharge was because he was a qualified individual with a disability; and

     4. That the discharge caused Prado harm.

Case No. 5:12-cv-03945-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California

### 36. DISPARATE TREATMENT—ESSENTIAL FACTUAL ELEMENTS

Prado claims that FedEx wrongfully discriminated against him because of his disability.  To establish this claim, Prado must prove all of the following:

1. That FedEx was an employer;

2. That Prado was an employee;

3. That FedEx discharged Prado

4. That Prado's disability was a substantial motivating reason for Prado's discharge;

5. That Prado was harmed; and

6. That FedEx's conduct was a substantial factor in causing Prado's harm.

Case No. 5:12-cv-03945-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

### 37. RETALIATION—ESSENTIAL FACTUAL ELEMENTS

Prado claims that FedEx retaliated against him for complaining to FedEx about its failure to take appropriate action on Prado's reasonable accommodation needs and for filing disability discrimination complaints with the EEOC against FedEx.  To establish this claim, Prado must prove all of the following:

    1. That Prado:

        (a) Filed complaints with the EEOC regarding FedEx's disability discrimination, failure to accommodate, and retaliation; or

        (b) Complained to FedEx about its failure to take appropriate action on Prado's reasonable accommodation needs.

    2. That FedEx engaged in the following:

        (a) The failure to provide an accommodation upon request;

        (b) The assignments to tasks managers knew were beyond his physical limitations while at the SJC facility;

        (c) Ridiculing him because of his perceived disability;

        (d) Creating a hostile work environment based on his disability or perceived disability;

        (e) The failure to initiate the interactive process before May 2008;

        (f) The failure to arrive at an accommodation;

        (g) The reduction in his hours after his first stroke and through to his second stroke;

        (h) The failure to timely process his accommodation request;

        (i) The failure to abide by his accommodation agreement;

        (j) The assignments to tasks managers knew were beyond his physical limitations while at the SJC facility;

        (k) The assignments to tasks managers knew were beyond his physical limitations while at the RHV facility;

        (l) The failure to engage in the interactive process after failing to abide by his accommodation agreement;

        (m) The failure to allow a reasonable time to recover from the second stroke so as to protect his position;

        (n) The failure to provide a reasonable accommodation for returning Prado to the RHV station ; or

        (o) Prado's termination.

    3. That Prado's internal complaints and/or complaints to the EEOC were a substantial motivating reason for FedEx's decision to assign more rigorous tasks, harass/prevent

United States District Court
For the Northern District of California

harassment, unreasonably delay an accommodation, refuse to honor accommodation, deny an accommodation after the second stroke and discharge Prado;

4. That Prado was harmed;

5. That FedEx's conduct was a substantial factor in causing Prado's harm.

Case No. 5:12-cv-03945-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

### 38. LIMITATION ON REMEDIES—SAME DECISION

Prado claims that he was discharged because he was a qualified individual with a disability, which is an unlawful reason. FedEx claims that Prado was discharged because he was not qualified to perform the handler job and he did not seek another position, which is a lawful reason.

If you find that a motive to discriminate was a substantial reason for Prado's discharge, you must then consider FedEx's stated reason for the discharge.

If you find that a substantial motivating reason to discharge Prado was that FedEx believed that he was not qualified for the handler job and he did not seek another position, then you must determine whether FedEx has proven that it would have discharged Prado anyway, even if it had not also been substantially motivated by discrimination.

In determining whether discrimination was a substantial motivating reason, determine what actually motivated FedEx, not what it might have been justified in doing.

If you find that FedEx discharged Prado only for a discriminatory reason, you will be asked to determine the amount of damages that he is entitled to recover. If, however, you find that FedEx would have discharged Prado anyway for the nondiscriminatory reason, then Prado will not be entitled to reinstatement, back pay, or damages.

Case No. 5:12-cv-03945-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

### 39. CAUSATION: SUBSTANTIAL FACTOR

Under FEHA, FedEx is liable for causing the harm that Prado claims if FedEx's conduct was a "substantial factor" in causing such harm.

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

41

## 40. CAUSATION: MULTIPLE CAUSES

A person or entity's conduct may combine with another factor to cause harm. If you find that FedEx's conduct was a substantial factor in causing Prado's harm, then FedEx is responsible for the harm. FedEx cannot avoid responsibility just because some other person, condition, or event was also a substantial factor in causing Prado's harm.

**United States District Court**
For the Northern District of California

1

### 41. EMPLOYER'S AFFIRMATIVE DEFENSE—INJURY COVERED BY WORKERS' COMPENSATION

2

3

FedEx claims that it is not responsible for any harm that Prado may have suffered from his second stroke because he was FedEx's employee and therefore can only recover under California's Workers' Compensation Act.  To succeed, FedEx must prove all of the following:

4

      1. That Prado was FedEx's employee;

5

6

      2. That FedEx was self-insured for workers' compensation claims at the time of Prado's injury; and

7

      3. That Prado's injury occurred while he was performing a task for or related to the work FedEx hired him to do.

8

Any person performing services for another, other than as an independent contractor, is presumed to be an employee.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 5:12-cv-03945-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

## 42. MEDICAL LEAVE IS A REASONABLE ACCOMMODATION

In considering whether FedEx unlawfully deprived Prado of a reasonable accommodation under FEHA, you must consider the following:

1. Providing a paid or unpaid leave for treatment and recovery is a reasonable accommodation;

2. Holding a job open for an employee who is on a leave of absence or extending a leave of absence is a reasonable accommodation when the leave is likely to be effective in allowing the employee to return to work at the end of the leave, with or without further reasonable accommodation, and

3. An employer is not required to provide leave if doing so creates an undue hardship for the employer;

If you find that Prado was not permitted additional leave following his second stroke, and that FedEx did not demonstrate that the additional leave would have imposed an undue hardship on FedEx, then you must conclude that FedEx deprived Prado of a reasonable accommodation.

In addition, if you find that Prado's position was not held open during an extended leave, and that doing so would likely have been effective in allowing Prado to return to work with a reasonable accommodation after his leave, then you must conclude that FedEx deprived Prado of a reasonable accommodation, unless holding his position open would have imposed an undue hardship on FedEx.

Case No. 5:12-cv-03945-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California

### 43. RELIANCE ON MEDICAL OPINIONS

In evaluating requests for reasonable accommodation and determining what, if any, reasonable accommodation exists, the employer is entitled to rely on medical opinions provided by the employee's doctor regarding the employee's medical condition, abilities, and limitations.

Case No. 5:12-cv-03945-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

**44. LEAVE UNDER CFRA AND FMLA**

The California Family Rights Act and the Family Medical Leave Act provide up to 12 workweeks of leave in a 12-month period to employees who have worked at least 1250 hours and have a serious health condition.  For employees who work less than five days a week, the number of working days that constitutes 12 workweeks is calculated on a pro rata or proportional basis.

Case No. 5:12-cv-03945-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

**United States District Court**
For the Northern District of California

**45. REQUIREMENT TO FILL OUT SPECIFIC ACCOMMODATION FORMS AND EMPLOYER'S AFFIRMATIVE DUTY TO ENGAGE IN THE INTERACTIVE PROCESS**

There has been testimony in this case that FedEx required Prado to fill out certain forms before they would process his requests for less rigorous duties due to his stroke. You are instructed that the law does not require an employee to fill out any particular form prior to having a request considered by an employer

An employer that becomes aware of an employee's condition through observation or a third party has an affirmative duty to engage the employee to provide an accommodation. This duty includes but is not limited to informing the employee of other suitable job opportunities, taking steps to determine whether the employee is interested in, and qualified for, those positions, and informing the employee of its policies of accommodating employees, including whether it provides accommodations to other employees.

Once an employer is on notice that an employee seeks an accommodation, the employer must engage in the interactive process in good faith in order to determine a reasonable accommodation. The requirement to fill out certain forms may be considered by you as evidence of disability discrimination.

Case No. 5:12-cv-03945-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

1

### 46. HAVING OR BEING PERCEIVED AS HAVING A PHYSICAL DISABILITY

2

An individual is "Disabled" under FEHA if he has any anatomical loss, cosmetic disfigurement, physiological disease, disorder or condition that does both of the following:

3

4

    (a) Affects one or more of the following body systems: neurological; immunological; musculoskeletal; special sense organs; respiratory, including speech organs; cardiovascular; reproductive; digestive; genitourinary; hemic and lymphatic; circulatory; skin; and endocrine; and

5

6

    (b) Limits a major life activity.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 5:12-cv-03945-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

**United States District Court**
For the Northern District of California

### 47. DISEASE, DISORDER OR CONDITION THAT LIMITS MAJOR LIFE ACTIVITY EXPLAINED

You are to determine whether Prado's disease, disorder or condition "limits a major life activity." In doing so, you must consider his limitations in terms of his physical, mental, and social activities, especially those life activities that affect employability or otherwise present a barrier to employment or advancement. Furthermore, the term "Major Life Activities" must be construed broadly.

Major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, sitting, reaching, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, interacting with others, and working.

Major life activities also include the operation of major bodily functions, including functions of the immune system, special sense organs and skin, normal cell growth, digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions. Major bodily functions include the operation of an individual organ within a body system.

A disease, disorder or condition "limits" a major life activity if it makes the achievement of the major life activity difficult. In determining whether achievement of the major life activity is "difficult" you may consider what most people in the general population can perform with little or no difficulty, and/or what the individual would be able to perform with little or no difficulty in the absence of disability.

Whether a condition limits a major life activity will usually not require scientific, medical, or statistical analysis. However, you may rely on scientific, medical, or statistical evidence to determine whether a condition limits a major life activity.

You are not to consider mitigating measures (such as medication or lifestyle changes) or reasonable accommodations in deciding whether a condition "limits" a major life activity, unless the mitigating measure itself limits a major life activity.

Working is a major life activity, regardless of whether the actual or perceived working limitation affects a particular employment or class or broad range of employments.

Case No. 5:12-cv-03945-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

## 48. DAMAGES—PROOF

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Prado, you must determine Prado's damages, if any. Prado has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Prado for any injury you find was caused by FedEx. You should consider the following:

> 1. The disability and loss of enjoyment of life experienced and which with reasonable probability will be experienced in the future;

> 2. The mental, physical, emotional pain and suffering experienced and which with reasonable probability will be experienced in the future;

> 3. The reasonable value of necessary medical care, treatment, and services received to the present time;

> 4. The reasonable value of necessary medical care, treatment, and services which with reasonable probability will be required in the future;

> 5. The reasonable value of wages, earnings, salaries, employment, employment opportunities lost to the present time;

> 6. The reasonable value of wages, earnings, salaries, employment, employment opportunities which with reasonable probability will be lost in the future;

> 7. The reasonable value of necessary household help, services other than medical, and expenses required to the present time;

> 8. The reasonable value of necessary household help, services other than medical, and expenses which with reasonable probability will be required in the future;

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Case No. 5:12-cv-03945-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

**United States District Court**
For the Northern District of California

**49. DAMAGES—MITIGATION**

Prado has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

FedEx has the burden of proving by a preponderance of the evidence:

      1. That Prado failed to use reasonable efforts to mitigate damages; and

      2. The amount by which damages would have been mitigated.

### 50. DAMAGES ARISING IN THE FUTURE—DISCOUNT TO PRESENT CASH VALUE

Any award for future economic damages must be for the present cash value of those damages.

Noneconomic damages such as pain and suffering, disability and loss of enjoyment of life experience, are not reduced to present cash value.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages will be incurred or would have been received.

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill.  You should also consider decreases in the value of money which may be caused by future inflation.

Case No. 5:12-cv-03945-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

**United States District Court**
For the Northern District of California

**51. PUNITIVE DAMAGES**

If you find for Prado, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

Prado has the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that FedEx's conduct that harmed Prado was malicious, oppressive or in reckless disregard of Prado's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring Prado. Conduct is in reckless disregard of Prado's rights if, under the circumstances, it reflects complete indifference to Prado's safety or rights, or if FedEx acts in the face of a perceived risk that its actions will violate Prado's rights under federal law. An act or omission is oppressive if FedEx injures or damages or otherwise violates the rights of Prado with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of Prado.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of FedEx's conduct, including whether the conduct that harmed Prado was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish FedEx for harm to anyone other than Prado in this case.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on Prado.

Punitive damages may be awarded even if you award Prado only nominal, and not compensatory, damages.

Case No. 5:12-cv-03945-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 52. NOMINAL DAMAGES

The law which applies to this case authorizes an award of nominal damages.  If you find for Prado but you find that Prado has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

### 53. DAMAGES ON MULTIPLE LEGAL THEORIES

Prado seeks damages from FedEx under more than one legal theory. However, each item of damages may be awarded only once, regardless of the number of legal theories alleged.

You will be asked to decide whether FedEx is liable to Prado under the following legal theories:

     1. Disability discrimination in violation of the ADA;

     2. Disability discrimination in violation of FEHA;

     3. Failure to accommodate disability in violation of the ADA;

     4. Failure to accommodate disability in violation of FEHA;

     5. Failure to engage in the interactive process in violation of FEHA;

     6. Failure to prevent discrimination in violation of FEHA;

     7. Wrongful termination in violation of public policy;

     8. Discrimination in violation of public policy.

## 54. ARGUMENTS OF COUNSEL NOT EVIDENCE OF DAMAGES

The arguments of the attorneys are not evidence of damages.  Your award must be based on your reasoned judgment applied to the testimony of the witnesses and the other evidence that has been admitted during trial.

56

**55. WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY—DAMAGES**

If you find that FedEx discharged Prado in violation of public policy, then you must decide the amount of damages that Prado has proven he is entitled to recover, if any.  To make that decision, you must:

> 1. Decide the amount that Prado would have earned up to today, including any benefits and pay increased;

> 2. Add the present cash value of any future wages and benefits that he would have earned for the length of time the employment with FedEx was reasonably certain to continue; and

> 3. Add damages for any other damages, such as emotional distress, if you find that FedEx's conduct was a substantial factor in causing that harm.

In determining the period that Prado's employment was reasonably certain to have continued, you should consider such things as:

> (a) Prado's age, work performance, and intent regarding continuing employment with FedEx;

> (b) FedEx's prospects for continuing the operations involving Prado; and

> (c) Any other factor that bears on how long Prado would have continued to work.

Case No. 5:12-cv-03945-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

**56. PAST AND FUTURE LOST EARNINGS (ECONOMIC DAMAGE)**

Past and future lost earnings.

To recover damages for past lost earnings, Prado must prove the amount of wages that he has lost to date.

To recover damages for future lost earnings, Prado must prove the amount of wages he will be reasonably certain to lose in the future as a result of the injury.

Case No. 5:12-cv-03945-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

**57. PHYSICAL PAIN, MENTAL SUFFERING, AND EMOTION DISTRESS
(NONECONOMIC DAMAGE)**

Past and future physical pain/mental suffering./loss of enjoyment of life/physical impairment/inconvenience/grief/ anxiety/humiliation/emotional distress.

No fixed standard exists for deciding the amount of these noneconomic damages.  You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

To recover for future physical pain/mental suffering/loss of enjoyment of life/physical impairment/inconvenience/grief/anxiety/humiliation/emotional distress, Prado must prove that he is reasonably certain to suffer that harm.

For future physical pain/mental suffering/loss of enjoyment of life/physical impairment/inconvenience/grief/anxiety/humiliation/emotional distress, determine the amount in current dollars paid at the time of judgment that will compensate Prado for future physical pain/mental suffering/loss of enjoyment of life/physical impairment/inconvenience/grief/anxiety/humiliation/emotional distress.  This amount of noneconomic damages should not be further reduced to present cash value because that reduction should only be performed with respect to economic damages.

Case No. 5:12-cv-03945-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

*United States District Court*
For the Northern District of California

### 58. PUNITIVE DAMAGES—ENTITY DEFENDANT

If you decide that FedEx's conduct caused Prado's harm, you must decide whether that conduct justifies an award of punitive damages. The amount, if any, of punitive damages will be an issue decided later.

At this time, you must decide whether Prado has proved that FedEx engaged in that conduct with malice, oppression, or fraud. To do this, Prado must prove one of the following by clear and convincing evidence:

     1. That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of FedEx who acted on behalf of FedEx; or

     2. That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of FedEx; or

     3. That one or more officers, directors, or managing agents of FedEx knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

"Malice" means that FedEx acted with intent to cause injury or that FedEx's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when he or she is aware of the probably dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that Fed's conduct was despicable and subjected Prado to cruel and unjust hardship in knowing disregard of his rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that FedEx intentionally misrepresented or concealed a material fact and did so intending to harm Prado.

An employee is a "managing agent" if he or she exercises substantial independent authority and judgment in his or her corporate decision making such that his or her decisions ultimately determine corporate policy.

Case No. 5:12-cv-03945-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

**59. DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

Case No. 5:12-cv-03945-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS

**60. EXPERT OPINION**

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**IT IS SO ORDERED.**

Dated: September 30, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge

Case No. 5:12-cv-03945-PSG
[PROPOSED] FINAL JURY INSTRUCTIONS