**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| JOSE A. PRADO, | ) | Case No. 5:12-cv-03945-PSG |
| Plaintiff, | ) | **FINAL JURY INSTRUCTIONS** |
| | ) | |
| v. | ) | |
| | ) | |
| FEDERAL EXPRESS CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## 1. DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Case No. 5:12-cv-03945-PSG
FINAL JURY INSTRUCTIONS

## 2. COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through Mr. Rivera, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

Case No. 5:12-cv-03945-PSG
FINAL JURY INSTRUCTIONS

### 3. RETURN OF VERDICT

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

Case No. 5:12-cv-03945-PSG
FINAL JURY INSTRUCTIONS

**4. BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Case No. 5:12-cv-03945-PSG
FINAL JURY INSTRUCTIONS

## 5. BURDEN OF PROOF – CLEAR AND CONVINCING EVIDENCE

When a party has a burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable.  This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

Case No. 5:12-cv-03945-PSG
FINAL JURY INSTRUCTIONS

1

## 6. LIABILITY OF CORPORATIONS

Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors or officers.  Therefore, except as specifically noted elsewhere in these instructions, a corporation is responsible for the acts of its employees, agents, directors and officers performed within the scope of authority.

Case No. 5:12-cv-03945-PSG
FINAL JURY INSTRUCTIONS

# 7. ADA: EMPLOYMENT ACTIONS

Plaintiff Jose Prado has brought a claim of employment discrimination against Defendant Federal Express Corporation based on a federal law known as the Americans with Disabilities Act, which will be referred to in these instructions as the ADA.

Under the ADA, an employer may not discriminate against an individual who has a disability when that individual is qualified to perform the essential functions of the job with or without a reasonable accommodation.

Mr. Prado claims that his disability was a motivating factor for FedEx's decision to take adverse employment action against him. FedEx denies that Mr. Prado's disability was a motivating for FedEx's decision take any adverse employment action against Mr. Prado and further claims any decision to take adverse employment action against Mr. Prado was based upon a lawful reason.

Case No. 5:12-cv-03945-PSG
FINAL JURY INSTRUCTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

## 8. ADA: "ADVERSE EMPLOYMENT ACTION"

An action is an adverse employment action if it materially affects the terms, conditions, or privileges of employment.

9

**9. ADA: "ADVERSE EMPLOYMENT ACTION" EXPLAINED**

Adverse employment actions are not limited to ultimate actions such as termination or demotion. There is an adverse employment action if FedEx has taken an action or engaged in a course or pattern of conduct that, taken as a whole, materially and adversely affected the terms, conditions, or privileges of Mr. Prado's employment.  An adverse employment action includes conduct that is reasonably likely to impair a reasonable employee's job performance or prospects for advancement or promotion.  However, minor or trivial actions or conduct that is not reasonably likely to do more than anger or upset an employee cannot constitute an adverse employment action.

Case No. 5:12-cv-03945-PSG
FINAL JURY INSTRUCTIONS

1

## 10. ADA: EMPLOYMENT ACTIONS—"MOTIVATING FACTOR"—ELEMENTS AND BURDEN OF PROOF

2

3

As to Mr. Prado's claim that his disability was a motivating factor for FedEx's decision to subject Mr. Prado to an adverse employment action, Mr. Prado has the burden of proving the following elements by a preponderance of the evidence:

4

      1. Mr. Prado has a disability within the meaning of the ADA;

5

      2. Mr. Prado was a qualified individual as that term is defined later in these instructions; and

6

7

      3. Mr. Prado's disability was a motivating factor in FedEx's decision to subject Mr. Prado to the adverse employment action.

8

If you find that Mr. Prado has failed to prove any of these elements, your verdict should be for FedEx.  If, on the other hand, Mr. Prado has proved all of these elements, Mr. Prado is entitled to your verdict, even if you find that FedEx's decision was motivated by Mr. Prado's disability and a lawful reason.  If, however, FedEx proves by a preponderance of the evidence that FedEx would have made the same decision even if Mr. Prado's disability had played no role in FedEx's decision to take adverse employment action against Mr. Prado, your verdict should be for FedEx.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 5:12-cv-03945-PSG
FINAL JURY INSTRUCTIONS

**United States District Court**
For the Northern District of California

# 11. ADA: PHYSICAL OR MENTAL IMPAIRMENT

As you have been instructed, the first element of the ADA claim that Mr. Prado must prove is that he has a recognized disability under the ADA. A "disability" under the ADA is a physical or mental impairment, a record of physical or mental impairment, or being regarded as having a physical or mental impairment that substantially limits one or more of the major life activities of such individual.

The terms disability and physical or mental impairment include (1) any physiological disorder, or condition affecting one or more of the following body systems: neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genito-urinary, hemic and lymphatic, skin and endocrine; or (2) any mental or psychological disorder such as mental retardation, organic brain syndrome, emotional or mental illnesses, and learning disabilities.

Major life activities are the normal activities of living which a non-disabled person can do with little or no difficulty, such as care for oneself, performing manual tasks, walking, sleeping, seeing, hearing, speaking, breathing, learning, engaging in sexual relations, reproducing, interacting with others, and working.

A limitation is substantial if the disabled person is unable to perform the activity or is significantly restricted in doing so.

Factors to consider in deciding whether a major life activity is substantially limited include:

    1. The nature and severity of the impairment;

    2. The duration or expected duration of the impairment; and

    3. The permanent or long-term impact of the impairment.

Case No. 5:12-cv-03945-PSG
FINAL JURY INSTRUCTIONS

## 12. ADA: WORK AS A MAJOR LIFE ACTIVITY

When the major life activity under consideration is that of working, Mr. Prado must prove by a preponderance of the evidence, that Mr. Prado was precluded from employment in a broad range of jobs.  The inability to perform a single, particular job does not itself constitute a substantial limitation in the major life activity of working.

Other factors that you should consider when determining whether Mr. Prado is substantially limited in the major life activity of working include:

> 1. The geographical area to which Mr. Prado has reasonable access, and

> 2. The number and types of jobs utilizing similar training, knowledge, skills or abilities, within the geographical area, from which Mr. Prado is also disqualified.

Case No. 5:12-cv-03945-PSG
FINAL JURY INSTRUCTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 13. ADA: MANUAL TASK AS MAJOR LIFE ACTIVITY

When the major life activity under consideration is the ability to perform manual tasks, the impairment of that ability must, either permanently or over a lengthy period, prevent or substantially restrict Mr. Prado from doing activities that are of central importance to most people's daily lives either as independent tasks or when viewed together.

14

United States District Court
For the Northern District of California

### 14. ADA: QUALIFIED INDIVIDUAL

The second element of the ADA claim that Mr. Prado must prove is that he is a qualified individual under the ADA.

The term qualified individual means an individual with a disability who, with or without a reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires.  The individual must satisfy the requisite skill, experience, education, and other job-related requirements of the employment position.

Case No. 5:12-cv-03945-PSG
FINAL JURY INSTRUCTIONS

1

**15. ADA: ABILITY TO PERFORM ESSENTIAL FUNCTIONS—FACTORS**

2

An essential function of an employment position means the fundamental job duties of the
employment position Mr. Prado holds or desires.  It does not include the marginal functions that
may occur through the course of a job.

3

4

You must consider the employer's judgment as to what functions of a job are essential.  If any
employer has prepared a written description before advertising or interviewing applicants for the
job, this description is evidence of the essential functions of the job.

5

6

Other factors that may bear upon whether a job function is essential include, but are not limited to:

7

1. Whether the reason the position exists is to perform that function;

8

2. Whether there are a limited number of employees available among whom the
performance of that job function can be distributed;

9

3. The amount of time spent performing the job function

10

4. The consequences of not requiring the individual holding the position to perform the
function;

11

12

5. The work experience of past employees, including Mr. Prado, who have held the
position; and

13

6. The work experience of current employees that hold similar positions.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 5:12-cv-03945-PSG
FINAL JURY INSTRUCTIONS

**United States District Court**
For the Northern District of California

**16. ADA: MOTIVATING FACTOR EXPLAINED**

The third element of a claim under the ADA is that FedEx took an adverse action against Mr. Prado because of his disability.

To satisfy this element, Mr. Prado must prove by a preponderance of the evidence that the disability was a determinative factor in the decision to take that adverse action (or in FedEx's failure to make reasonable accommodation as required by the ADA). It need not have been the sole factor, but it must have been a decisive factor, meaning that but for the consideration of Mr. Prado's disability, FedEx would not have made the same employment decision.

In order for the disability to have been a determinative factor in FedEx's decision, FedEx must have known that Mr. Prado had a disability. This means that the person who made the decision to take the adverse action knew that Mr. Prado had a disability.

An employer may not terminate an employee because of a disability, but may terminate the employee because the employee is unable to do the essential functions of the job even with accommodation, even if the reason the employee cannot do his job is because of a disability.

Case No. 5:12-cv-03945-PSG
FINAL JURY INSTRUCTIONS

**United States District Court**
For the Northern District of California

**17. ADA: BUSINESS JUDGMENT**

In California, employment is presumed to be "at will."  That means that an employer may discharge an employee for no reason, or for a good, bad, mistaken, unwise, or even unfair reason, as long as its action is not for a discriminatory reason.

Case No. 5:12-cv-03945-PSG
FINAL JURY INSTRUCTIONS

### 18. ADA: REASONABLE ACCOMMODATION

To establish FedEx's duty to provide a reasonable accommodation, Mr. Prado must prove, by a preponderance of the evidence, both of the following elements:

      1. Mr. Prado requested of FedEx an accommodation due to a disability

    or

      1. FedEx knew, or had reason to know that:

          (a) Mr. Prado has a disability;

          (b) Mr. Prado was experiencing workplace problems because of the disability; and

          (c) The disability prevented Mr. Prado from requesting a reasonable accommodation

    and

      2. FedEx could have made a reasonable accommodation that would have enabled Mr. Prado to perform the essential functions of the job.

Under the ADA, an accommodation by FedEx may include, but is not limited to:

      1. Making existing facilities used by employees readily accessible to and usable by individuals with disabilities;

      2. Job restructuring;

      3. Part-time or modified work schedule;

      4. Reassignment to a vacant position;

      5. Acquisition or modification of equipment or devices, or appropriate adjustment or modifications of training materials or policies;

      6. Additional paid or unpaid leave; or

      7. Other similar accommodations for individuals with Mr. Prado's disabilities.

Whether or not the accommodation is permitted by company policy, it is for you to determine whether the accommodation requested by Mr. Prado is reasonable.

A reasonable accommodation does not include changing or eliminating any essential function of employment, shifting any of the essential functions of the subject employment to others, or creating a new position for the disabled employee.

United States District Court
For the Northern District of California

1

### 19. FEHA: DISABILITY DISCRIMINATION-DISPARATE TREATMENT-ESSENTIAL FACTUAL ELEMENTS

2

3

Mr. Prado claims that FedEx violated FEHA by wrongfully discriminating against him because he had a disability.  To establish this claim, Mr. Prado must prove all of the following:

4

        1. That FedEx was an employer;

5

        2. That Mr. Prado was an employee of FedEx;

6

7

        3. That FedEx knew that Mr. Prado had a physical condition that limited his ability to do work;

8

9

        4. That Mr. Prado was able to perform the essential job duties of the handler position with reasonable accommodation for his physical condition;

10

        5. That FedEx subjected Mr. Prado to an adverse employment action;

11

12

        6. That Mr. Prado's disability was a substantial motivating reason for FedEx's decision to take adverse employment action against him;

13

14

        7. That Mr. Prado was harmed; and

15

        8. That FedEx's conduct was a substantial factor in causing Mr. Prado's harm.

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 5:12-cv-03945-PSG
FINAL JURY INSTRUCTIONS

*(left margin, rotated)* **United States District Court** For the Northern District of California

## 20. FEHA: "HARASSING CONDUCT" EXPLAINED

Harassing conduct may constitute an adverse employment action. Such conduct may include any of the following: verbal harassment, such as obscene language, demeaning comments, slurs, or threats; or mocking.

Case No. 5:12-cv-03945-PSG
FINAL JURY INSTRUCTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 21. FEHA: BUSINESS JUDGMENT

In California, employment is presumed to be "at will."  That means that an employer may discharge an employee for no reason, or for a good, bad, mistaken, unwise, or even unfair reason, as long as its action is not for a discriminatory reason.

## 22. FEHA: WHEN DISABILITY DISCRIMINATION IS NOT PROHIBITED

The law does not prohibit an employer from refusing to reinstate or discharging an employee with a physical or mental disability where the employee, because of his or her physical or mental disability, is unable to perform his or her essential duties even with reasonable accommodation.

Case No. 5:12-cv-03945-PSG
FINAL JURY INSTRUCTIONS

## 23. FEHA: "REASONABLE ACCOMODATION" EXPLAINED

A reasonable accommodation is a reasonable change to the workplace that allows an employee with a disability to perform the essential duties of the job;

Reasonable accommodations may include the following:

      a. Making the workplace readily accessible to and usable by employees with disabilities;

      b. Changing job responsibilities but not eliminating essential job functions;

      c. Reassigning the employee to a vacant position;

      d. Modifying or providing equipment or devices;

      e. Modifying tests or training materials;

      f. Permitting additional paid or unpaid leave; or

      g. Providing other similar accommodations for an individual with a disability.

If more than one accommodation is reasonable, an employer makes a reasonable accommodation if it selects one of those accommodations in good faith.

Case No. 5:12-cv-03945-PSG
FINAL JURY INSTRUCTIONS

**United States District Court**
For the Northern District of California

## 24. FEHA: "ESSENTIAL JOB DUTIES" EXPLAINED

In deciding whether a job duty is essential, you may consider, among other factors, the following:

a. Whether the reason the job exists is to perform that duty;

b. Whether there is a limited number of employees available who can perform that duty;

c. Whether the job duty is highly specialized so that the person currently holding the position was hired for his or her expertise or ability to perform the particular duty.

Evidence of whether a particular duty is essential includes, but is not limited to, the following:

a. FedEx's judgment as to which functions are essential;

b. Written job descriptions prepared before advertising or interviewing applicants for the job;

c. The amount of time spent on the job performing the duty;

d. The consequences of not requiring the person currently holding the position to perform the duty;

e. The work experiences of past persons, including Mr. Prado, holding the job;

f. The current work experience of persons holding similar jobs;

g. Reference to the importance of the job in prior performance reviews.

"Essential job duties" do not include the marginal duties of the position. "Marginal duties" are those that, if not performed would not eliminate the need for the job, or those that could be readily performed by another employee, or those that could be performed in another way.

Case No. 5:12-cv-03945-PSG
FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California

## 25. FEHA: "SUBSTANTIAL MOTIVATING REASON" EXPLAINED

A "substantial motivating reason" is a reason that actually contributed to the action at issue.  It must be more than a remote or trivial reason.  It does not have to be the only reason motivating the decision.

### 26. FEHA: REASONABLE ACCOMMODATION—ESSENTIAL FACTUAL ELEMENTS

Mr. Prado claims that FedEx failed to reasonably accommodate his physical restrictions.  To establish this claim, Mr. Prado must prove all of the following:

      1. That FedEx was an employer;

      2. That Mr. Prado was an employee of FedEx;

      3. That Mr. Prado had physical restrictions;

      4. That FedEx knew of Mr. Prado's physical restrictions and possible need for accommodation;

      5. That Mr. Prado was able to perform the essential job duties of the handler position with reasonable accommodation for his physical restrictions;

      6. That FedEx failed to provide reasonable accommodation to Mr. Prado that would enable Mr. Prado to perform the essential functions of the handler job;

      7. That Mr. Prado was harmed; and

      8. That FedEx's failure to provide reasonable accommodation was a substantial factor in causing Mr. Prado's harm.

Case No. 5:12-cv-03945-PSG
FINAL JURY INSTRUCTIONS

1

## 27. FEHA: REASONABLE ACCOMMODATION—FAILURE TO ENGAGE IN INTERACTIVE PROCESS

2

Mr. Prado contends that FedEx failed to engage in a good-faith interactive process.  In order to establish this claim, Mr. Prado must prove the following:

3

4

1. That FedEx was an employer;

5

2. That Mr. Prado was an employee of FedEx;

6

3. That Mr. Prado had physical restrictions that were known to FedEx;

7

4. That Mr. Prado made known to FedEx that he needed a reasonable accommodation for his physical restrictions so that he would be able to perform the essential job requirements;

8

9

5. That Mr. Prado was willing to participate in an interactive process to determine whether reasonable accommodation could be made so that he would be able to perform the essential job requirements;

10

11

6. That FedEx failed to participate in a timely good-faith interactive process with Mr. Prado to determine whether reasonable accommodation could be made;

12

13

7. That Mr. Prado was harmed; and

14

8. That FedEx's failure to engage in a good-faith interactive process was a substantial factor in causing Mr. Prado's harm.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 5:12-cv-03945-PSG
FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California

## 28. FEHA: FAILURE TO PREVENT DISCRIMINATION—ESSENTIAL FACTUAL ELEMENTS—EMPLOYER OR ENTITY DEFENDANT

Mr. Prado claims that FedEx failed to take all reasonable steps to prevent discrimination based on his status as a qualified individual with a disability.  To establish this claim, Mr. Prado must prove all of the following:

> 1. The Mr. Prado was an employee of FedEx;
>
> 2. That Mr. Prado was subjected to unlawful discrimination based on his status as a qualified individual with a disability in the course of employment;
>
> 3. That FedEx failed to take all reasonable steps to prevent the unlawful discrimination;
>
> 4. That Mr. Prado was harmed; and
>
> 5. That FedEx's failure to take reasonable steps to prevent unlawful discrimination was a substantial factor in causing Mr. Prado's harm.

Case No. 5:12-cv-03945-PSG
FINAL JURY INSTRUCTIONS

### 29. FEHA: LIMITATION ON REMEDIES—SAME DECISION

Mr. Prado claims that he was discharged because he was a qualified individual with a disability, which is an unlawful reason.  FedEx claims that Mr. Prado was discharged because he did not obtain another position.

If you find that a motive to discriminate was a substantial reason for Mr. Prado's discharge, you must then consider FedEx's stated reason for the discharge.

If you find that Mr. Prado's failure to obtain another position was also a substantial motivating reason, then you must determine whether FedEx has proven that it would have discharged Mr. Prado anyway, even if it had not also been substantially motivated by discrimination.

In determining whether Mr. Prado's failure to obtain another position was a substantial motivating reason, determine what actually motivated FedEx, not what it might have been justified in doing.

If you find that FedEx discharged Mr. Prado only for a discriminatory reason, you will be asked to determine the amount of damages that he is entitled to recover.  If, however, you find that FedEx would have discharged Mr. Prado anyway for the nondiscriminatory reason, then Mr. Prado will not be entitled to damages.

Case No. 5:12-cv-03945-PSG
FINAL JURY INSTRUCTIONS

## 30. FEHA: CAUSATION: SUBSTANTIAL FACTOR

Under FEHA, FedEx is liable for causing the harm that Mr. Prado claims if FedEx's conduct was a "substantial factor" in causing such harm.

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to be the only cause of the harm.

Conduct is not a substantial factor in causing harm if the same harm would have occurred without that conduct.

31

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 31. FEHA: CAUSATION: MULTIPLE CAUSES

A person or entity's conduct may combine with another factor to cause harm.  If you find that FedEx's conduct was a substantial factor in causing Mr. Prado's harm, then FedEx is responsible for the harm.  FedEx cannot avoid responsibility just because some other person, condition, or event was also a substantial factor in causing Mr. Prado's harm.

Case No. 5:12-cv-03945-PSG
FINAL JURY INSTRUCTIONS

**32. FEHA: MEDICAL LEAVE IS A REASONABLE ACCOMMODATION**

In considering whether FedEx unlawfully deprived Mr. Prado of a reasonable accommodation under FEHA, you must consider the following:

    1. Providing a paid or unpaid leave for treatment and recovery is a reasonable accommodation;

    2. Holding a job open for an employee who is on a leave of absence or extending a leave of absence is a reasonable accommodation when the leave is likely to be effective in allowing the employee to return to work at the end of the leave, with or without further reasonable accommodation, and

    3. An employer is not required to provide leave if doing so creates an undue hardship for the employer;

If you find that Mr. Prado was not permitted additional leave following his second stroke, and that FedEx did not demonstrate that the additional leave would have imposed an undue hardship on FedEx, then you must conclude that FedEx deprived Mr. Prado of a reasonable accommodation.

In addition, if you find that Mr. Prado's position was not held open during an extended leave, and that doing so would likely have been effective in allowing Mr. Prado to return to work with a reasonable accommodation after his leave, then you must conclude that FedEx deprived Mr. Prado of a reasonable accommodation, unless holding his position open would have imposed an undue hardship on FedEx.

Case No. 5:12-cv-03945-PSG
FINAL JURY INSTRUCTIONS

**United States District Court**
For the Northern District of California

## 33. FEHA: RELIANCE ON MEDICAL OPINIONS

In evaluating requests for reasonable accommodation and determining what, if any, reasonable accommodation exists, the employer is entitled to rely on medical opinions provided by the employee's doctor regarding the employee's medical condition, abilities, and limitations.  This reliance must be reasonable under all the facts.

Case No. 5:12-cv-03945-PSG
FINAL JURY INSTRUCTIONS

1

### 34. FEHA: LEAVE UNDER CFRA AND FMLA

2

3

The California Family Rights Act and the Family Medical Leave Act provide up to 12 workweeks of leave in a 12-month period to employees who have worked at least 1250 hours and have a serious health condition.  For employees who work less than five days a week, the number of working days that constitutes 12 workweeks is calculated on a pro rata or proportional basis.

4

5

6

7

8

9

10

**United States District Court**
For the Northern District of California

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 5:12-cv-03945-PSG
FINAL JURY INSTRUCTIONS

1

**35. FEHA: REQUIREMENT TO FILL OUT SPECIFIC ACCOMMODATION FORMS
AND EMPLOYER'S AFFIRMATIVE DUTY TO ENGAGE IN THE INTERACTIVE
PROCESS**

2

3   The law does not require an employee to fill out any particular form prior to having a request
considered by an employer

4   An employer that becomes aware of an employee's condition has an affirmative duty to engage the

5   employee to provide an accommodation.  This duty includes but is not limited to informing the
employee of other suitable job opportunities, taking steps to determine whether the employee is
interested in, and qualified for, those positions, and informing the employee of its policies of

6   accommodating employees, including whether it provides accommodations to other employees.

7   Once an employer is on notice that an employee seeks an accommodation, the employer must
engage in the interactive process in good faith in order to determine a reasonable accommodation.

8   The requirement to fill out certain forms may be considered by you as evidence of disability
discrimination.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

Case No. 5:12-cv-03945-PSG
FINAL JURY INSTRUCTIONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
For the Northern District of California

### 36. FEHA: HAVING OR BEING PERCEIVED AS HAVING A PHYSICAL DISABILITY

An individual is "Disabled" under FEHA if he has any anatomical loss, cosmetic disfigurement, physiological disease, disorder or condition that does both of the following:

(a) Affects one or more of the following body systems: neurological; immunological; musculoskeletal; special sense organs; respiratory, including speech organs; cardiovascular; reproductive; digestive; genitourinary; hemic and lymphatic; circulatory; skin; and endocrine; and

(b) Limits a major life activity.

37

1

## 37. FEHA: DISEASE, DISORDER OR CONDITION THAT LIMITS MAJOR LIFE ACTIVITY EXPLAINED

2

3

4

You are to determine whether Mr. Prado's disease, disorder or condition "limits a major life activity." In doing so, you must consider his limitations in terms of his physical, mental, and social activities, especially those life activities that affect employability or otherwise present a barrier to employment or advancement. Furthermore, the term "Major Life Activities" must be construed broadly.

5

6

7

Major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, sitting, reaching, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, interacting with others, and working.

8

9

10

Major life activities also include the operation of major bodily functions, including functions of the immune system, special sense organs and skin, normal cell growth, digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions. Major bodily functions include the operation of an individual organ within a body system.

11

12

13

A disease, disorder or condition "limits" a major life activity if it makes the achievement of the major life activity difficult. In determining whether achievement of the major life activity is "difficult" you may consider what most people in the general population can perform with little or no difficulty, and/or what the individual would be able to perform with little or no difficulty in the absence of disability.

14

15

Whether a condition limits a major life activity will usually not require scientific, medical, or statistical analysis. However, you may rely on scientific, medical, or statistical evidence to determine whether a condition limits a major life activity.

16

Working is a major life activity, regardless of whether the actual or perceived working limitation affects a particular employment or class or broad range of employments.

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

Case No. 5:12-cv-03945-PSG
FINAL JURY INSTRUCTIONS

**38. PUBLIC POLICY: WRONGFUL EMPLOYMENT ACTION—ESSENTIAL FACTUAL ELEMENTS**

Mr. Prado claims he was discharged or displaced without pay by FedEx for reasons that violate public policy.  It is a violation of public policy to discharge or displace without pay someone from employment because he is a qualified individual with a disability.  To establish this claim, Mr. Prado must prove all of the following:

      1. That Mr. Prado was employed by FedEx;

      2. That FedEx discharged or displaced without pay Mr. Prado;

      3. That a substantial motivating reason for Mr. Prado's discharge or displacement without pay was because he was a qualified individual with a disability; and

      4. That the discharge or displacement without pay caused Mr. Prado harm.

Case No. 5:12-cv-03945-PSG
FINAL JURY INSTRUCTIONS

## 39. ADA/FEHA/PUBLIC POLICY: DAMAGES—PROOF

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Mr. Prado, you must determine Mr. Prado's damages, if any.  Mr. Prado has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate Mr. Prado for any injury you find was caused by FedEx.  You should consider the following:

> 1. The disability and loss of enjoyment of life experienced and which with reasonable probability will be experienced in the future;

> 2. The mental, physical, emotional pain and suffering experienced and which with reasonable probability will be experienced in the future;

> 3. The reasonable value of necessary medical care, treatment, and services received to the present time;

> 4. The reasonable value of necessary medical care, treatment, and services which with reasonable probability will be required in the future;

> 5. The reasonable value of wages, earnings, salaries, employment, employment opportunities lost to the present time;

> 6. The reasonable value of wages, earnings, salaries, employment, employment opportunities which with reasonable probability will be lost in the future;

> 7. The reasonable value of necessary household help, services other than medical, and expenses required to the present time;

> 8. The reasonable value of necessary household help, services other than medical, and expenses which with reasonable probability will be required in the future;

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

United States District Court
For the Northern District of California

40

Case No. 5:12-cv-03945-PSG
FINAL JURY INSTRUCTIONS

**40. ADA/FEHA/PUBLIC POLICY: DAMAGES—MITIGATION**

Mr. Prado has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

FedEx has the burden of proving by a preponderance of the evidence:

      1. That Mr. Prado failed to use reasonable efforts to mitigate damages; and

      2. The amount by which damages would have been mitigated.

Case No. 5:12-cv-03945-PSG
FINAL JURY INSTRUCTIONS

### 41. ADA/FEHA/PUBLIC POLICY: DAMAGES ARISING IN THE FUTURE—DISCOUNT TO PRESENT CASH VALUE

Any award for future economic damages must be for the present cash value of those damages.

Noneconomic damages such as pain and suffering, disability and loss of enjoyment of life experience, are not reduced to present cash value.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages will be incurred or would have been received.

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill.  You should also consider decreases in the value of money which may be caused by future inflation.

Case No. 5:12-cv-03945-PSG
FINAL JURY INSTRUCTIONS

## 42. ADA/FEHA/PUBLIC POLICY: NOMINAL DAMAGES

The law which applies to this case authorizes an award of nominal damages.  If you find for Mr. Prado but you find that Mr. Prado has failed to prove damages as defined in these instructions, you must award nominal damages.  Nominal damages may not exceed one dollar.

Case No. 5:12-cv-03945-PSG
FINAL JURY INSTRUCTIONS

**43. ADA/FEHA/PUBLIC POLICY: ARGUMENTS OF COUNSEL NOT EVIDENCE OF DAMAGES**

The arguments of the attorneys are not evidence of damages.  Your award must be based on your reasoned judgment applied to the testimony of the witnesses and the other evidence that has been admitted during trial.

Case No. 5:12-cv-03945-PSG
FINAL JURY INSTRUCTIONS

1

### 44. ADA/FEHA/PUBLIC POLICY: PAST AND FUTURE LOST EARNINGS (ECONOMIC DAMAGE)

2

Past and future lost earnings.

3

To recover damages for past lost earnings, Mr. Prado must prove the amount of wages that he has lost to date.

4

5

To recover damages for future lost earnings, Mr. Prado must prove the amount of wages he will be reasonably certain to lose in the future as a result of the injury.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

45

Case No. 5:12-cv-03945-PSG
FINAL JURY INSTRUCTIONS

**45. ADA/FEHA/PUBLIC POLICY: PHYSICAL PAIN, MENTAL SUFFERING, AND EMOTION DISTRESS (NONECONOMIC DAMAGE)**

Past and future physical pain/mental suffering./loss of enjoyment of life/physical impairment/inconvenience/grief/ anxiety/humiliation/emotional distress.

No fixed standard exists for deciding the amount of these noneconomic damages.  You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

To recover for future physical pain/mental suffering/loss of enjoyment of life/physical impairment/inconvenience/grief/anxiety/humiliation/emotional distress, Mr. Prado must prove that he is reasonably certain to suffer that harm.

For future physical pain/mental suffering/loss of enjoyment of life/physical impairment/inconvenience/grief/anxiety/humiliation/emotional distress, determine the amount in current dollars paid at the time of judgment that will compensate Mr. Prado for future physical pain/mental suffering/loss of enjoyment of life/physical impairment/inconvenience/grief/anxiety/humiliation/emotional distress.  This amount of noneconomic damages should not be further reduced to present cash value because that reduction should only be performed with respect to economic damages.

Case No. 5:12-cv-03945-PSG
FINAL JURY INSTRUCTIONS

## 46. ADA/FEHA/PUBLIC POLICY: DAMAGES ON MULTIPLE LEGAL THEORIES

Prado seeks damages from FedEx under more than one legal theory.  However, each item of damages may be awarded only once, regardless of the number of legal theories alleged.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

### 47. ADA: PUNITIVE DAMAGES

If you find for Mr. Prado on any of his ADA claims, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

Mr. Prado has the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that FedEx's conduct that harmed Mr. Prado was malicious, oppressive or in reckless disregard of Mr. Prado's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring Mr. Prado. Conduct is in reckless disregard of Mr. Prado's rights if, under the circumstances, it reflects complete indifference to Mr. Prado's safety or rights, or if FedEx acts in the face of a perceived risk that its actions will violate Mr. Prado's rights under federal law. An act or omission is oppressive if FedEx injures or damages or otherwise violates the rights of Mr. Prado with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of Mr. Prado.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of FedEx's conduct, including whether the conduct that harmed Mr. Prado was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish FedEx for harm to anyone other than Mr. Prado in this case.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on Mr. Prado.

Punitive damages may be awarded even if you award Mr. Prado only nominal, and not compensatory, damages.

Case No. 5:12-cv-03945-PSG
FINAL JURY INSTRUCTIONS

### 48. FEHA/PUBLIC POLICY: PUNITIVE DAMAGES—ENTITY DEFENDANT

If you decide that under FEHA or public policy FedEx's conduct caused Mr. Prado's harm, you must decide whether that conduct justifies an award of punitive damages. The amount, if any, of punitive damages will be an issue decided later.

At this time, you must decide whether Mr. Prado has proved that FedEx engaged in that conduct with malice, oppression, or fraud. To do this, Mr. Prado must prove one of the following by clear and convincing evidence:

> 1. That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of FedEx who acted on behalf of FedEx; or

> 2. That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of FedEx; or

> 3. That one or more officers, directors, or managing agents of FedEx knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

"Malice" means that FedEx acted with intent to cause injury or that FedEx's conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. A person acts with knowing disregard when he or she is aware of the probably dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

"Oppression" means that Fed's conduct was despicable and subjected Mr. Prado to cruel and unjust hardship in knowing disregard of his rights.

"Despicable conduct" is conduct that is so vile, base, or contemptible that it would be looked down on and despised by reasonable people.

"Fraud" means that FedEx intentionally misrepresented or concealed a material fact and did so intending to harm Mr. Prado.

An employee is a "managing agent" if he or she exercises substantial independent authority and judgment in his or her corporate decision making such that his or her decisions ultimately determine corporate policy.

Case No. 5:12-cv-03945-PSG
FINAL JURY INSTRUCTIONS

United States District Court
For the Northern District of California

1

## 49. DEPOSITION IN LIEU OF LIVE TESTIMONY

2

3

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

4

5

You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

6

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 5:12-cv-03945-PSG
FINAL JURY INSTRUCTIONS

**United States District Court**
For the Northern District of California

1

### 50. EXPERT OPINION

2

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

3

4

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

5

6

7

8

9

10

**United States District Court**
For the Northern District of California

11

12

13

14

15

16

17

18

19

20

21

22

23

24

**IT IS SO ORDERED.**

25

Dated: October 2, 2014

26

27

28

*Paul S. Grewal*

PAUL S. GREWAL
United States Magistrate Judge

51

Case No. 5:12-cv-03945-PSG
FINAL JURY INSTRUCTIONS