UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSE A. PRADO, ) | Case No. 5:12-cv-03945-PSG |
| ) | |
| Plaintiff, ) | **ORDER DENYING MOTION FOR AN AWARD OF RELATED NONTAXABLE COSTS** |
| ) | |
| v. ) | |
| ) | |
| FEDERAL EXPRESS CORPORATION, ) | **(Re: Docket No. 218)** |
| ) | |
| Defendant. ) | |
| ) | |

Following a jury verdict in favor of Defendant Federal Express Corporation and against Plaintiff Jose Prado, FedEx seeks an award of nontaxable costs for deposition-related travel expenses and process server and expert witness fees. Because the court finds that it would be inequitable to impose additional costs on a plaintiff of limited financial means and that such an imposition would unreasonably chill future litigants in the realm of employment and disability disputes, FedEx's motion is DENIED.

**I.**

Prado was an employee of FedEx from December 17, 1997 until his termination on April 14, 2010. His termination followed a series of medical issues associated with a stroke in 2001 and another in 2009. After his first stroke, Prado returned to work after a number of months and performed a wide range of tasks from copying to operating machinery. After his second stroke,

Prado returned to work with medical restrictions that severely limited the type of work he could do. Soon after, Prado was terminated for an inability to find work that fit within his medical limitation.

Prado filed two complaints with the EEOC: the first was during his employment on January 13, 2009, and the second was just after his termination on May 20, 2010. He then brought this suit a little more than two years later.

After the court granted FedEx's motion for summary judgment only in part,[1] a nine-person jury heard the case over two weeks in September 2014. The jury found that FedEx was not liable for any of Prado's seven claims: (1) failure to provide reasonable accommodation in violation of the Americans with Disabilities Act; (2) disability discrimination in violation of the ADA; (3) failure to provide reasonable accommodation in violation of the California Fair Employment & Housing Act; (4) failure to engage in the interactive process in violation of FEHA; (5) disability discrimination in violation of FEHA; (6) failure to prevent discrimination in violation of FEHA; and (7) discrimination in violation of public policy.

FedEx now moves for an award of related non-taxable costs in the amount of $18,997.76, comprised of expenses incurred for travel to attend depositions, private process server fees and expert witness fees.

## II.

This court has jurisdiction under 28 U.S.C. §§ 1331. This court has supplemental jurisdiction over the pendant state law claims under 28 U.S.C. § 1367. The parties further consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).

## III.

FedEx bases its demand on provisions of Title VII, the ADA and FEHA that allow for the recovery of additional, nontaxable litigation costs by the prevailing party.[2] While FedEx may be

---

[1] *See* Docket No. 132.

[2] *See, e.g.*, Cal. Code Civ. Proc., § 1033.5(a)(3) (travel expenses to attend depositions), *Thon v. Thompson*, 29 Cal. App. 4th 1546, 1549 (1994) (same), *Alflex Corp. v. Underwriters Laboratories, Inc.*, 914 F.2d 175, 178 (9th Cir. 1990) (private process server fees), Cal. Code Civ. Proc., § 1033.5(a)(4) (same), Cal. Gov. Code, § 12965(b) (private process server fees); 42 U.S.C. § 12205

2
Case No. 5:12-cv-003945-PSG
ORDER DENYING MOTION FOR AN AWARD OF RELATED NONTAXABLE COSTS

correct that at a very fundamental level, nontaxable costs are available under these statutory frameworks, there is no indication that the award of costs is absolutely required. FedEx further claims—and Prado vehemently disputes—that it is entitled to nontaxable costs because "[t]here can be no question but that Prado's claims were frivolous, unreasonable, and without foundation."[3]

To make a showing that a plaintiff's claims were frivolous, a defendant must show something more than a "routine case in which the plaintiff merely failed to achieve success on [his] claim."[4] Rather, the kinds of cases that reach the level of frivolity or vexation are those in which the claims are shown be premised on pure fiction or where a plaintiff's misrepresentations pile up such to harass the defendant.[5] There is no indication that any of Prado's allegations were pure fabrications. Indeed, the jury asked several questions that suggest that there were serious questions of fact ripe for the jury's determination. That the verdict was not in Prado's favor does not suggest frivolity.

But those arguments aside, the court is ultimately persuaded by Prado's argument that shifting nontaxable costs to Prado "would have a chilling effect on future plaintiffs seeking redress for violations of their civil rights," especially those plaintiffs of limited means.[6] The Ninth Circuit has "approved several factors that would justify a district court's refusal to award costs to a

---

(expert witness fees), *Lovell v. Chandler*, 303 F.3d 1039, 1058 (9th Cir. 2002) (same), 42 U.S.C. §§ 2000e-2000e-5(k) (same), 42 U.S.C. §§ 1981-1981a (same), Cal. Gov. Code, § 12965(b) (same), *Bouman v. Block*, 940 F.2d 1211, 1237 (9th Cir. 1991) (same), *Flannery v. Prentice*, 26 Cal. 4th 572, 579-582 (2001) (same), *Anthony v. City of Los Angeles*, 166 Cal. App. 4th 1011, 1017 (2008) (same).

[3] Docket No. 218 at 1.

[4] *Rosenman v. Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro*, 91 Cal. App. 4th 859, 872 (2001); *see Christianburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 417 (1978) (holding that unsuccessful Title VII plaintiffs need not pay their opponent's attorney's fees unless their action was "frivolous, unreasonable, or without foundation").

[5] *See, e.g.*, *Saret-Cook v. Gilbert Kelly Crowley & Jennet*, 74 Cal. App. 4th 1211 (1999).

[6] Prado also argues that FedEx was in fact only partially successful because the jury did find that FedEx failed to engage in the interactive process even if it did not choose to award any damages based on that finding alone. The court does not consider this argument as it finds other grounds on which to deny FedEx's motion. *See* Docket No. 228 at 1.

prevailing party: the losing party's limited financial resources,[7] misconduct on the part of the prevailing party,[8] the importance of the issues,[9] the importance and complexity of the issues,[10] the merit of the plaintiff's case, even if the plaintiff loses,[11] and the chilling effect on future civil rights litigants of imposing high costs."[12]  Essentially, the Ninth Circuit requires "that a district court give reasons for denying costs . . . [to] explain why a case is not "ordinary" and why, in the circumstances, it would be inappropriate or inequitable to award costs."[13]

Here, FedEx seeks almost $19,000—on top of the almost $30,000 in costs taxable under Fed. R. Civ. P. 54(d) that FedEx has already sought[14]—from a man who earns $994 per month in social security payments and cannot find gainful employment because he is disabled.  Prado clearly qualifies for relief from these costs based on his severely limited financial means.  Equally important, awarding nontaxable costs in a case where a disabled individual brings a claim against

---

[7] *See National Org. for Women*, 680 F.2d at 1294 (finding that the district court appropriately considered the plaintiffs' limited budgets in denying the defendant's costs); *Wrighten v. Metropolitan Hosps., Inc.*, 726 F.2d 1346, 1358 (9th Cir. 1984); *Moore v. Hughes Helicopters, Inc.*, 708 F.2d 475, 486 (9th Cir. 1983).

[8] *See National Info. Servs., Inc. v. TRW, Inc.*, 51 F.3d 1470, 1472 (9th Cir. 1995) (finding that "[t]he unsuccessful litigant can overcome [the presumption to award fees to the prevailing party] by pointing to some impropriety on the part of the prevailing party that would justify a denial of costs").

[9] *See Assoc. of Mex.-Am. Educators v. California*, 231 F.3d 572, 593 (9th Cir. 2000) (finding one reason to deny the prevailing party costs is "an extraordinary, and extraordinarily important, case").

[10] *See id.* (finding that when a "the issues in the case are close and complex" denial of costs is appropriate).

[11] *See id*. (finding that where a plaintiff has not prevailed but his claims are not without merit, the court can deny a defendant costs).

[12] *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945-46 (9th Cir. 2003) (internal citations omitted).  *See Stanley*, 178 F.3d at 1079 (holding that "the imposition of such high costs on losing civil rights plaintiffs of modest means may chill civil rights litigation in this area").

[13] *Assoc. of Mex.-Am. Educators*, 231 F.3d at 593.

[14] *See* Docket No. 217.  Ultimately, the court taxed $13,303.97 against Prado.  *See* Docket No. 235.

4
Case No. 5:12-cv-003945-PSG
ORDER DENYING MOTION FOR AN AWARD OF RELATED NONTAXABLE COSTS

his employer runs an undue risk of chilling legitimate litigation by imposing a significant financial burden on would-be plaintiffs in the event they do not prevail.[15]

### IV.

FedEx's motion for an award of related non-taxable costs is DENIED.

**SO ORDERED.**

Dated: February 11, 2015

PAUL S. GREWAL
United States Magistrate Judge

---

[15] FedEx also attempts to justify its costs by referencing its Rule 68 offer of judgment in the amount of $56,000. FedEx argues that by refusing the offer—and instead demanding nothing less than $1.5 million—Prado falls into a class of "bogus plaintiffs" with "bogus claims." Docket No. 230 at 3. But FedEx fails to show how refusal to accept an offer of judgment undermines the notion that awarding such costs might chill legitimate litigation.